**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| FAN GU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-19-562 |
| | § | |
| INVISTA S.A.R.L, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

In 2015, Fan Gu sued his former employer, Invista S.A.R.L., alleging discrimination and wrongful termination. The case was randomly assigned to United States District Judge David Hittner. Judge Hittner entered summary judgment in the defendant's favor. Fan Gu appealed to the Fifth Circuit and the Supreme Court, without success. He also filed complaints against Judge Hittner, arguing that his rulings were incorrect and reflected bias and prejudice. (Docket Entry No. 6 at 4). These complaints were also unsuccessful.

In 2019, Fan Gu filed the present suit, alleging a number of errors made in the 2015 lawsuit. (Docket Entry No. 1). The errors he alleges are the same that he raised in the appeal from the dismissal of the 2015 case. That appeal was summarily rejected, and properly so. In the present case, Fang Gu moved to require Judge Hittner to have a different judge preside over the case. (Docket Entry No. 6). Judge Hittner denied the motion. (Docket Entry No. 8). Fan Gu has now asked this court to review that order. (Docket Entry No. 11).

Fan Gu argues that the Code of Judicial Conduct requires a different judge to decide his motion to change the judge overseeing the case. (Docket Entry No. 11). He argues that Judge Hittner should recuse or be disqualified under 28 U.S.C. § 455(a) and (b)(1), on the basis of bias or

prejudice.

Fan Gu's motion and arguments lack merit. The Code of Judicial Conduct does not preclude Judge Hittner from deciding whether he should transfer the case to another judge. *See In re Deepwater Horizon*, 824 F.3d 571, 579–80 (5th Cir. 2016) (the recusal decision is within the "sound discretion" of the presiding judge); *Rombough v. Bailey*, 733 F. App'x 160, 166 (5th Cir. 2018) (the judge did not abuse her discretion in denying the party's motion to disqualify her for personal bias).

Under 28 U.S.C. § 455(a), a United States judge must recuse himself or herself in a proceeding in which his or her impartiality might reasonably be questioned. Section 455(b) requires a judge to recuse himself or herself when the judge is personally biased. *United States v. Gonzalez*, 72 F. App'x 324, 325 (5th Cir. 2018). Fan Gu fails to raise or identify any ground for requiring Judge Hittner to transfer the case to a different judge. A judge's prior rulings against a party are generally insufficient bases for recusal or disqualification, or for having another judge decide that issue. *Calhoun v. Villa*, No. H-18-20080, 2019 WL 643531, at *3 (5th Cir. Feb. 14, 2019) (citing *Liteky v. United States*, 510 U.S. 540, 556 (1994)). There is no basis here to conclude that a thoughtful and objective observer, acquainted with the relevant facts, would question Judge Hittner's impartiality. *See Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

Fan Gu's motion for a review of Judge Hittner's order denying Fan Gu's motion to change the judge overseeing the case, (Docket Entry Nos. 8, 11), is denied.

SIGNED on May 6, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge