United States Courts
Southern District of Texas
FILED

JUL 01 2019

David J. Bradley, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **FAN GU** | § | Civil Action No. 19-CV-00562 |
|     **Plaintiff,** | § | |
| | § | |
| **V.** | § | |
| | § | |
| **INVISTA S.A.R.L.** | § | |
|     **Defendant.** | § | |

**TO THE HONORABLE JUDGE OF COURT:**

**COMES NOW, FAN GU,** hereinafter referred to as "Plaintiff," complaining of and about **INVISTA S.A.R.L.** hereinafter referred to as "Defendant," and for causes of action would respectfully show unto this Court the following:

**I.
DISCOVERY CONTROL PLAN**

Plaintiff intends to conduct discovery, pursuant to rule 16 of FRCP

1. Plaintiff affirmatively pleads that it seeks monetary relief in excess of $3,200,000.00.

**II.
PARTIES AND SERVICE**

2. Plaintiff FAN GU is an individual residing in Houston, Texas.

3. Defendant INVISTA S.A.R.L. is a Luxembourg limited liability company registered in Luxembourg doing business in La Porte, Texas and may be served by serving its registered agent CT CORPORATION SYSTEM with process at 1999 BRYAN ST.,

STE. 900, DALLAS, TX 75201.

## III.
## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

8. Venue is proper in this Court.

## IV.
## FACTUAL BACKGROUND

9. On January 9, 2012, Respondent, INVISTA hired Plaintiff to work as a Chemical Licensing Engineer at its La Porte, Texas plant. At the time of his hiring, Plaintiff was 51 years old. However, on November 5, 2013, Plaintiff's employment with INVISTA was terminated "as a result of failing to meet expectation" per the termination letter issued on November 6, 2013 without any more explanation. Plaintiff filed complain in EEOC and civil lawsuit in Texas state court against INVISTA alleging violations of Chapter 21 of the Texas Labor Code; specifically, that his employment was unlawfully terminated by INVISTA due to his age. INVISTA removed the case to the United States District Court for the Southern District of Texas on the basis of diversity jurisdiction.

10. In the District Court, INVISTA filed a motion for summary judgment on February 15, 2016. There are many key disputed facts and evidences due to INVISTA refused provide some of key documents even after conference and order signed by Magistrate Judge Stephen Smith. INVISTA and Plaintiff filed three "Joint Pretrial Order" on April 22, 25, 26 respectively. Judge David Hittner signed the "Joint Pretrial Order" filed on April 25, 2016 by INVISTA without approval signature from Plaintiff and INVISTA attorney Heather Sherrod even changed the key issue of contents of pretrial orders without agreement from Plaintiff. Noticed many false

documents and facts in pretrial order, Plaintiff filed a motion on April 28, 2016 to request for Defendant to Provide authentication of Exhibits listed on INVISTA's Exhibitors list with the Joint Pretrial Order. Judge David Hittner signed INVISTA drafted Summary Judgment Order (without informing and copy to Plaintiff) on April 29, 2016 and dismissed all the case. Plaintiff timely filed an appeal of the District Court's final judgment to the United States Court of Appeals for Fifth Circuit.

11. After submission of the appeal on the parties' briefs, a panel of Fifth Circuit held that the District Court did not err in granting INVISTA's Motion for Summary Judgment because Plaintiff "failed to rebut INVISTA's non-discriminatory reason for the adverse employment action". "INVISTA claims that fired Gu because of his poor job performance, failure to complete his action items to improve his performance, and poor attitude. These bases are well supported by the record and are legitimate and non-discriminatory". Plaintiff brought a Petition for Panel Rehearing. Once again, the Panel issued the order to deny Plaintiff's request for rehearing on May 1, 2017.

12. Because US District Court and the Fifth Circuit Panel did not address and investigate admissibility of all the INVISTA's evidences including witnesses' memos, declaration and depositions. Plaintiff has been pursuing the allegations for the issues regarding INVISTA forging documents, providing false statements and committed perjury **forty-five (45)** times during the case proceeding in motions and briefs. On June 21 and 23, 2017, Plaintiff reported to FBI to bring the perjury charge against INVISTA witnesses. On August 25, 2017 Plaintiff reported to FBI to bring the forge documents and contempt court order against INVISTA.

13. Plaintiff filed Wirt of Certiorari on September 29, 2017 in US Supreme Court and petition was denied on November 6, 2017. Plaintiff filed Petition for Rehearing on November 27, 2017. The Petition for Rehearing was denied on February 20, 2018.

14. In reaching above conclusions, District Court and Fifth Circuit Panel not only did not discuss any Plaintiff's evidence that he was qualified for his employment position and that his job performance was more than satisfactory but also not to examine and comments on evidences Plaintiff presented showing that INVISTA routinely treated Plaintiff differently from its younger employees employed in the same position, hired a young engineer (under age of 40) Nagesh Palla with almost identical job description as Plaintiff's after termination of Plaintiff, and INVISTA has developed and executed business plan and strategy to reduce work force and save labor cost by "retirement and attrition" with results of target number of employee and much younger employees in the company.

15. US Supreme Court denied and even did not provided any comments or explanations on Plaintiff's Wirt of Certiorari and Petition for Rehearing.

16. Plaintiff argued to the unresolved issues of material fact demanding the case be remanded to district court for a full review of evidences, including subpoena of documents from which district judge order and INVISTA refused and failed to comply.

17. Plaintiff argued the case couldn't be dismissed given unresolved issues of material fact and undisputable evidence to support allegations of fraud and perjury.

18. The Fifth Circuit and Supreme Court erred in affirming the lower court's flawed order confirming the award given the unresolved issues of material fact regarding whether the order was fraudulently procured. Precedent is clear that summary judgment <u>must</u> be denied if there are outstanding issues of material fact. See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S.

242, 248 (1986), Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986), Chiu v. Plano Indep. Sch. Dist., 260 F.3d 330 (5th Circuit 2001), Ramsey v. Coughlin, 94 F.3d 71, 74 (2nd Cir. 1996), WSB-TV v. Lee, 842 F.2d 1266, 1269 (11th Cir. 1988), Sahu v. Union Carbide Corp., 548 F.3d 59 (2nd Cir. 2008).

19. On January 29, 2019, Plaintiff filed this suit to reopen the age discrimination case and seek relief from Civil judgments per FRCP 60(b) as Defendant committed fraud, perjury, forging of document and evidence, Dkt. 1, 6, 17, 21.

20. Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff filed Motion to Amend Complaints, Dkt. 24 on June 17, 2019 and Judge Peter Bray granted the motion to amend the complaints, Dkt. 35.

21. In the current case and previous case 4:15-cv-00240, Defendant has been trying many ways to delay the case proceedings, compel court order to summit production documents, refuse answer deposition questions, forging of document, provide false statements during depositions and declarations, committed fraud and perjury, constructed faulty court orders to deny Plaintiff's civil rights. It violated his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff was denied the fundamental constitutional right of equal access to due process and equality under the Courts. The amended complaint in this case is about lack of due process and of discrimination against pro se litigants.

22. Plaintiff had little opportunity to complete discover proceeding, no hearing and no chance to cross-examine witnesses, and even worst, the Summary Judgement was drafted by Defendant which not be served to Plaintiff. It did not address any of Plaintiff's 48 contented

facts and questions listed in joint pre-trail order! The only "factual evidence" listed in Summary Judgment was false statement which Defendant witness Mr. Grant Pittman refused to answer during his deposition. Plaintiff's photo evidence would prove Mr. Pittman's declaration had many false statements, and he committed perjury. Plaintiff received court notice of Summary Judgment just two days before the scheduled pre-trail hearing. No trial or hearing was granted in Fifth Circuit and Supreme Court. All most every Plaintiff's motion was denied without explanation. Some of evidences of no due process and discrimination against Plaintiff Pro Se were listed and could be review in details at Dkt. 24.

23. Plaintiff's motion to use Electronic Document Filling System was denied while Defendant can use the system and filed motions Dkt. 15, 16, 22, 27 and 30 without severing to Plaintiff until June 26, 2019 after Plaintiff's several requests. Plaintiff filed Motion for Default Judgment, Dkt. 13, on 5/10/2019. Defendant had its response in opposition, including Mr. Chuck Blocksidge's faulty Declaration on 5/30/19, Dkt. 15&16. Plaintiff filed his response including evidences proved that five out of six of Mr. Blocksidge's statements in Declaration are false. Without review Plaintiff's evidences, questions, verify and exam the Declaration and its Authentication, the court used Defendant drafted order and Mr. Blocksidge's declaration as it only "evidence that demonstrated it had a good faith belief the Buyer would timely response the Pending Suit". The court denied Plaintiff's motion of Default Judgment just less the 24 hours before scheduled Default Judgment hearing and even did not notify Plaintiff the cancelation of hearing.

24    Defendant had a motive in suppressing the facts. If Plaintiff's allegations are proved, the witnesses and attorneys involved would face disbarment, criminal prosecution and civil liabilities would face severe investigations and prosecution.

25.   This case is more than mere legal error. The precedent is bad policy and sends a message that fraud and crime will be countenanced and condoned by our courts. The fraud and crime the courts have countenanced involved not merely parties to a case, it may involve some officers of the court sworn to uphold justice.

26.   Plaintiff averred there should be evidences and documents from FBI/US Attorney investigations to substantiate his allegations that Defendant fraudulently procured a favorable court decision. Plaintiff argued this to district court many times – but district court failed to resolve outstanding issues of facts.

27.   This case <u>begs</u> for this Court's clarification whether fraud or crime at civil court proceeding will be tolerated and whether allegations of fraudulently obtained court orders will be subject to adequate judicial review.

28.   The ruling countenances fraud, crimes and denies judicial review, despite unresolved allegations and evidence regarding fraud and crime. Plaintiff repeatedly averred there is evidence that demands review to resolve the issue of fraud and punish crime of discrimination, perjury, forge documents and contempt court order. Plaintiff has searched hundreds age discrimination cases preceded at US Supreme Courts reported in Westlaw database and find no single case involved perjury, forge document and contempt court order.

29.   This lawsuit is the necessary step to stop Defendant from getting away with fraud and even crime at court proceedings. If the court fails to act, Defendant could get away with the crimes they committed including discrimination, perjury, forge documents and contempt court

order. Worse, Plaintiff has been denied justice despite fighting for it for more than three years and is irreparably harmed. Worst, it would undermine the reliability of our legal processes.

## V.
## COUNT 1: AGE DISCRIMINATION UNDER THE ADEA CODE

30. The 29 U.S.C 623 (a)(l) Code protects employees from termination based on age.

## COUNT 2: PERJURY, FORGE DOCUMENTS AND CONTEMPT COURT ORDER CHARGE AGAINST DEFENDANT UNDER THE 18 U.S.C 1621-1623

31. Perjury, forge documents and contempt court order are serious crimes.

32. This lawsuit begs for this Court's clarification whether fraud or crime at civil court proceeding will be tolerated and whether allegations of fraudulently obtained court orders will be subject to adequate judicial review.

## COUNT 3: CIVIL RIGHTS VIOLATION AND DISCRIMINATION OF PLAINTIFF PRO SE

33. Plaintiff was denied the fundamental constitutional right of equal access to due process and equality under the Courts. One due process right that Pro Se litigants clearly have: the right to a meaningful opportunity to be heard. It violated Plaintiffs' rights under the First, Eighth and Fourteenth Amendments of the United States Constitution.

## VI.
## RELIEF REQUESTED

34. Plaintiff repeats, re-alleges and reincorporates all prior paragraphs as if set for fully herein.

35. As a result of Defendant's violation of ADEA code, Plaintiff has suffered damages including lost back pay, front pay (or reinstatement), and lost benefits.

36. Plaintiff has also suffered "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

## VII.
## CONDITIONS PRECEDENT

37. All conditions precedent to Plaintiff's claims for relief has been performed or have occurred

## VIII.
## JURY DEMAND

38. Plaintiff demands a jury trial.

## IX.
## PRAYER

39. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **FAN GU**, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for the following:

    a. Actual damages;

    b. Statutory damages;

    c. Pre- and post-judgment interest as provided by law;

    d. Attorneys' fees;

    e. Court costs; and

    f. Injunctive relief and declaratory relief

    g. Any such other and further relief to which Plaintiff may show itself to be

justly entitled.

Respectfully submitted,

_____

Fan Gu

Pro Se

3605 South Braeswood

Houston, TX 77025

Frankgu9813@hotmail.com

713-838-0762