IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FAN GU, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No.  4:19-cv-00562 |
| INVISTA S.A R.L. | § § § | |
| Defendant. | § § | |

## DEFENDANT INVISTA S.À R.L.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant INVISTA S.à r.l. ("INVISTA") files this Motion to Dismiss Plaintiff's First Amended Complaint [D.E. 40] for failure to state a claim upon which relief can be granted, and respectfully show the Court:

## BACKGROUND

This is the second employment discrimination lawsuit brought by Fan Gu (*pro se*) against INVISTA related to his 2013 termination from the company.  In 2015, Gu filed a discrimination lawsuit against INVISTA claiming INVISTA terminated him on the basis of his age in violation of Chapter 21 of the Texas Labor Code.  *Gu v. INVISTA S.A R.L.*, No. 4:15-cv-00240, Dkt. 1-1 (S.D. Tex. 2015).  After discovery, INVISTA filed a motion for summary judgment— supported by significant documentary evidence and deposition testimony from

multiple witnesses, including Gu—explaining that INVISTA terminated Gu because of well-documented performance deficiencies. *Id.*, Mot. Summ. J. at Dkt. 30. After considering INVISTA's motion and reply and Gu's response, this Court granted summary judgment in favor of INVISTA and dismissed Gu's lawsuit. *Id.*, Order at Dkt. 68, 69. Gu then attempted five additional times to revive his lawsuit, filing a motion to vacate judgment in this Court, an appeal to the Fifth Circuit, a petition for panel rehearing after the Fifth Circuit upheld summary judgment, a writ of certiorari to the Supreme Court, and a petition for rehearing after the Supreme Court denied the writ of certiorari. Am. Complt. at ¶¶11, 13 [D.E. 40].

Gu unquestionably exhausted his right to appeal the dismissal of his prior lawsuit. Yet, Gu filed this lawsuit on January 29, 2019 arguing again that he should be permitted to revive his age discrimination claim against INVISTA. Gu's Original Complaint asserted two causes of action against INVISTA: (1) age discrimination under the Age Discrimination in Employment Act ("ADEA") and (2) "perjury, forge documents, and contempt of court" under 18 U.S.C. § 1621.

After INVISTA moved to dismiss Gu's claims pursuant to Federal Rule of Civil Procedure 12(b)(6), Gu moved to amend his complaint to assert additional claims against INVISTA. The Court granted Gu's motion to amend, and on July 1, 2019, Gu filed his First Amended Complaint asserting additional claims against

INVISTA for violations of the First, Eighth, and Fourteenth Amendments of the United States Constitution.  D.E. 35; Am. Cmplt. at ¶33.

## ARGUMENTS AND AUTHORITIES[1]

Because Gu's Amended Complaint still fails to state a claim upon which relief can be granted, it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).  Under Rule 12(b)(6), a complaint must contain sufficient factual detail to "state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  While a court conducting a 12(b)(6) analysis must take factual allegations as true, a court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*.  Here, Gu's claims are so defective as to require dismissal for failure to state a claim upon which relief can be granted.  His age discrimination claim is barred by *res judicata* and the applicable statute of limitations, his perjury claim is barred because the statute does not confer a private cause of action, and his newly added constitutional claims are similarly barred because the constitution does not confer a right of action against private entities.  Accordingly, Gu's Amended Complaint cannot survive a motion to dismiss.

---

[1] Of course, pro se litigants, like all litigants, must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Pro se litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal.").

## I. Gu's Age Discrimination Claim is Barred by Res Judicata

First, Gu's age discrimination claim is without question barred by *res judicata* due to the dismissal with prejudice of this claim by this Court in 2016 and the denial of his subsequent appeals. *See Gu v. INVISTA S.A R.L.*, No. 4:15-cv-00240, Dkts. 68, 85, 86 (S.D. Tex. 2015). Res judicata bars the litigation of claims that were previously litigated or should have been raised in an earlier suit. *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

"Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings." *Stone v. Louisiana Dept. of Revenue*, 590 F. App'x 332, 335-36 (5th Cir. 2014) (citing *Murry v. Gen. Servs. Admin.*, 553 F. App'x 362, 364 (5th Cir. 2014)). There are four elements that must be met for a claim to be barred by res judicata: whether (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded to a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions. *Southmark Corp. v. Coopers & Lybrand (In re Southmark Corp.)*, 163 F.3d 925, 934 (5th Cir. 1999).

These elements are easily met from a cursory review of Gu's Complaint. Gu sued his former employer, INVISTA, in this lawsuit and the prior lawsuit. A federal district court, which had jurisdiction over Gu's claims, rendered judgment

on the merits in the prior lawsuit.  In his Amended Complaint in this lawsuit, Gu does not dispute that he asserts the same facts in support of his discrimination claim in both lawsuits.[2]  Am. Cmplt. at ¶¶9-18.  Rather, he acknowledges he asserts the same discrimination claim and seeks another bite at the apple.  *Id*. at ¶18 ("The Fifth Circuit and Supreme Court erred in affirming the lower court's flawed order confirming the award given the unresolved issues of material fact regarding whether the order was fraudulently procured.").  Accordingly, Gu's ADEA claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.     Gu's Duplicative Age Discrimination Claim is Also Time Barred

Even if it were not subject to dismissal on *res judicata* grounds (which it is), Gu's age discrimination claim should also be dismissed because it is time barred.  INVISTA terminated Gu in November 2013 and Gu submitted a Charge of Discrimination to the EEOC shortly thereafter.  Am. Complt. at ¶9.  His claims are long since barred by the applicable statute of limitations.

Although the statute of limitations is an affirmative defense, "when the factual allegations and dates alleged in the complaint 'make clear that the right

---

[2] The fact that Gu asserted an age discrimination claim under Texas state law, Chapter 21 of the Texas Labor Code, in his prior lawsuit and a federal age discrimination claim under the ADEA in this lawsuit does not change the result.  Chapter 21 is modeled after the federal anti-discrimination laws, and Texas courts look to analogous federal law to guide their analysis of discrimination claims brought pursuant to the Texas Labor Code. Tex. Lab. Code § 21.001(1); *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 804 n. 25 (Tex. 2010); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 308 (Tex. 2010) (citations omitted); *see also Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004).

sued upon has been extinguished, this issue may be resolved on a motion to dismiss.'" *Strauss v. Angie's List, Inc.*, 2:17-CV-02560-HLT-TJJ, 2018 WL 5722561, *5 (D. Kan. Nov. 1, 2018). Gu acknowledges in his complaint he was terminated from INVISTA in 2013. Am. Cmplt. at ¶9. A plaintiff exhausts his administrative remedies by timely filing a charge of discrimination with the EEOC and receiving a statutory notice of her right to sue. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Plaintiffs in Texas have 300 days from the date of the alleged unlawful practice to file a charge of discrimination with the EEOC or they "lose the ability to recover for it." *Nat'l RR Passenger Corp. (AMTRAK) v. Morgan*, 536 U.S. 101, 114 (2002) (emphasis added); see also 29 U.S.C. § 626(d) (ADEA); Tex. Lab. Code § 21.202 (requiring plaintiff to file within 180 days of the alleged unlawful practice). Any 'bad conduct" that occurred prior to 300 days before a plaintiff's EEOC charge is time barred. *Frank v. Xerox*, 347 F.3d 130, 136 (5th Cir. 2003). The ADEA requires a claimant to file suit in federal court within ninety days of receipt of a right-to-sue letter. 29 U.S.C. § 626(d). Because Gu received his right-to-sue notice on October 31, 2014—several years before asserting this duplicative claim—his age discrimination claim should be dismissed as time barred.

### III. Gu's 18 U.S.C. § 1621 Claim is Barred Because The Statute Contains No Private Right of Action

The Amended Complaint also fails to state a claim upon which relief can be granted with respect to Gu's 18 U.S.C. § 1621 claim for "perjury, forged documents, and contempt of court order." Section 1621 states that an individual who takes an oath, by a person authorized to administer the oath, and willfully gives information he does not believe is true, is guilty of perjury and can be fined and/or imprisoned. Section 1621 only applies to criminal matters, however, and does not confer a private right of action. *Malstrom v. Utah*, No. 1:17–cv–80–DN–EJF, 2018 WL 774119 (D. Utah Jan. 11, 2018) (finding no private right of action under 18 U.S.C. § 1621); *Yahoshua-Yisrael Ex Rela tione Ellis v. Adams*, No. 3:16-CV-00186-GHD-JMV, 2017 WL 2125809, at *5 (N.D. Miss. Mar. 22, 2017); *I-Remiel Azariah: Ibn Yahweh v. Shelby County General Sessions Court*, 2014 WL 1689297, at *8 (W.D. Tenn. April 29, 2014); *Nicole Energy Services, Inc. v. McClatchey*, No. 2:08–CV–0463, 2010 WL 55718, at *6 (S.D. Ohio Jan. 4, 2010) (collecting cases). For these reasons, Gu's Section 1621 claim should be dismissed.

### IV. Gu's Constitutional Claims Are Barred Because There is No Private Right of Action Against Non-State Actors

Gu has failed to state any cognizable claim against INVISTA, a private employer, under the First, Eighth, or Fourteenth Amendments. The Amended

Complaint alleges generally:

> It violated his rights under the First, Eighth and Fourteenth Amendments of the United States Constitution. Plaintiff was denied the fundamental constitutional right of equal access to due process and equality under the Courts. The amended complaint in this case is about lack of due process and of discrimination against pro se litigants.

Am. Cmplt. at ¶¶9, 33. Gu's new constitutional claims again restate his personal disagreement with the United States federal judicial process.

More importantly, his claims under the First, Eighth, and Fourteenth Amendments are barred because the U.S. Constitution does not provide a private right of action against non-state actors. *See Robinson v. Price,* 553 F.2d 918, 920 (5th Cir. 1977) ("[T]he Fourteenth Amendment does not prevent invidious discrimination by private parties."); *Beard v. Yamane,* No. 3:14-CV-2828-N BF, 2015 WL 1525076, at *5 (N.D. Tex. Feb. 2, 2015) ("Indeed, '[t]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to the acts of the states, not to acts of private persons or entities.'") (citing *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *Waldrup v. Cmty. Waste Disposal*, No. 3:11-CV-02705-N BF, 2012 WL 1161613, at *4 (N.D. Tex. Mar. 26, 2012) (dismissing plaintiffs Eighth Amendment claims because the defendant was a private company and not a state actor); *Lyons v. Chase Home Lending*, No. 3:11-CV-1056-N, 2011 WL 4907084, at *7 (N.D. Tex. Sept. 1, 2011) (stating in reference to the First and Fourteenth

Amendments, "[m]ere private action, no matter how discriminatory or wrongful, will not give rise to a constitutional cause of action based on these amendments.").

The Amended Complaint does not allege that INVISTA is a state actor; nor does it allege facts sufficient to establish that INVISTA was acting under color of state law at any time. *See id.* Accordingly, Gu has failed to state a claim for a violations of his First, Eighth, or Fourteenth Amendment rights. Thus, the Court should Dismiss Gu's First Amended Complaint in its entirety for failure to state a claim upon which relief may be granted. Any further amendments would be futile, and this case should be dismissed with prejudice.

## CONCLUSION

Based on the facts presented and the relevant authorities, Defendant INVISTA S.à r.l. respectfully requests that the Court dismiss this case, and grant it all other relief to which it is entitled.

Dated:  July 12, 2019                                   Respectfully submitted,

                                                        /s/ Shauna Johnson Clark
                                                           Shauna Johnson Clark
                                                           State Bar No.  00790977
                                                           Federal I.D. No.  18235
OF COUNSEL:                                             1301 McKinney, Suite 5100
NORTON ROSE FULBRIGHT US LLP                            Houston, Texas  77010-3095
                                                        Telephone:  (713) 651-5151
Heather Sherrod                                         Facsimile:  (713) 651-5246
State Bar No. 24083836                                  shauna.clark@nortonrosefulbright.com
Fed Id. No. 1734213

Andrew Yeh
State Bar No. 24098645
Federal I.D. No. 2789510                                *Attorney in Charge for Defendant
                                                        INVISTA S.à r.l.*

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas  77010-3095
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246

# CERTIFICATE OF SERVICE

This pleading was served on the Plaintiff in compliance with Rule 5 of the Federal Rules of Civil Procedure on July 12, 2019.

Fan Gu
3605 S. Baeswood Blvd.
Houston, Texas 77025

                                                        /s/ *Heather Sherrod*
                                                           Heather Sherrod