United States District Court
Southern District of Texas
**ENTERED**
August 14, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Fan Gu, | § | |
|    *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-19-562 |
| | § | |
| Invista S.à r.l. | § | |
|    *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

Pending before the court are the following motions:

- Defendant Invista S.à r.l.'s Motion to Dismiss for Failure to State a Claim (D.E. 16)
- Plaintiff Fan Gu's Motion to Invalidate Judgments and Relief (D.E. 19)
- Fan Gu's Motion to Vacate Order Denying Motion for Default Judgment (D.E. 21)
- Invista S.à r.l.'s Opposed Motion to Stay Discovery and Requirements of Order for Conference (D.E. 22)
- Fan Gu's Motion to Compel Defendant's Disclosure and Sanctions (D.E. 28)
- Fan Gu's Motion to Oppose Defendant's Response to Plaintiff's Motion to Invalidate Judgment's [sic] and Relief (D.E. 38)
- Invista S.à r.l.'s Motion to Dismiss Plaintiff's First Amended Complaint (D.E. 41)

The court recommends that the defendant's motion to dismiss (D.E. 40) be granted and that this action be dismissed with prejudice. The court further

recommends that any remaining dispositive motions be denied. The court denies any remaining non-dispositive motions as moot.

I.   **Introduction and Procedural Posture**

Fan Gu sued Invista S.à r.l. ("Invista") in Harris County, Texas on December 30, 2014, alleging a cause of action for age discrimination under the Texas Labor Code. Invista removed the case to federal court in this district. The case was docketed under cause number 4:15-cv-240 and assigned to Judge Hittner ("Gu I").

The court granted Invista's motion for summary judgment (Gu I, D.E. 68) and entered final judgment against Gu on May 2, 2016. (Gu I, D.E. 69.) Gu appealed. The United States Court of Appeals for the Fifth Circuit affirmed and issued its mandate on May 9, 2017. (Gu I, D.E. 85.) The Supreme Court denied Gu's petition for a writ of certiorari on November 6, 2017. (Gu I, D.E. 88.)

Gu filed this action on January 29, 2019, and, with leave of court, filed his amended complaint on July 1, 2019. (D.E. 1, 40.) Gu's complaint is an attempt to re-litigate Gu I. For example, Gu claims that Gu I was wrongly decided. He alleges that witnesses lied and that false documents were submitted to the court during the previous litigation. He claims he was not notified of key events and filings. He alleges that Invista failed to serve him with various documents. Gu believes that he was discriminated against as a *pro se* litigant and was denied due process. He states

in his Amended Complaint that "Plaintiff filed this suit to reopen the age discrimination case and seek relief from [c]ivil judgments per FRCP 60(b) as Defendant committed fraud, perjury, forging of documents and evidence . . ." (D.E. 40 at 5.)

Based on a litany of complaints about Invista's conduct during the litigation of Gu I, Gu now asserts three causes of action against Invista: Age discrimination under 29 U.S.C. § 623(a)(1); perjury under 18 U.S.C. §§ 1621-23; and violations of his First, Eighth, and Fourteenth Amendment rights.

Invista has moved to dismiss all of Gu's claims under Fed. R. Civ. P. 12(b)(6). Invista argues that Gu's age discrimination claim is barred by *res judicata*. As for Gu's perjury allegations, Invista argues that no such private right of action exists. Finally, Invista argues that it cannot be held liable for Gu's constitutional claims because it is not a state actor.

## II. Standard of Review

A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be

3

dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that that party is entitled to relief under a valid legal theory. *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348 at *3 (S.D. Tex. Apr. 17, 2019).

The court liberally construes pro se pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless doing so would be futile. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile.").

### III. Analysis

#### A. Gu's Claims are Barred by *Res Judicata*

*Res judicata* ensures the finality of decisions. It prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding. *Brown v. Felson*, 442 U.S. 127, 131 (1979); *Goldberg v. Longo Const. Co. Inc.*, 54 F.3d 243, 246 (5th Cir. 1995). "[A]n action is barred by the doctrine of *res judicata*

4

if: 1) the parties are identical in both actions; 2) the prior judgment was rendered by a court of competent jurisdiction; 3) the prior judgment was final on the merits; and 4) the cases involve the same cause of action." *Travelers Ins. Co. v. St. Jude Hosp. of Kenner, La., Inc.*, 37 F.3d 193, 195 (5th Cir. 1994). Cases involve the same cause of action when the plaintiff bases the claims on the same nucleus of operative facts. *In re Howe*, 913 F.2d 1138, 1144 (5th Cir. 1990).

Gu has sued the same party as in Gu I. The United States District Court for the Southern District of Texas is one of competent jurisdiction. The final judgment was on the merits of Gu's age discrimination claim.

While Gu is now casting his age discrimination claim as a cause of action under federal rather than state law, the facts he alleges are the same in both cases. In fact, Gu openly admits that he is seeking to "reopen" Gu I. Gu alleges no facts to suggest that Invista has engaged in discriminatory conduct since Gu I was dismissed. There is no reason Gu could not have brought this same cause of action in Gu I. Gu's age discrimination claim is barred by *res judicata*.

The same is true of Gu's perjury and constitutional claims. These claims are nothing more than complaints about how Invista litigated Gu I. Gu does not explain why he could not raise questions about false testimony or documents during the pendency of Gu I. Nor does Gu explain why he could not have filed objections based on lack of access to the court when he believed the problem arose.

As discussed, *res judicata* bars not only those claims actually brought in a prior lawsuit, but those that could have been brought.

All of Gu's claims are barred by *res judicata*.

## B. Perjury

To the extent that Gu's claims based on perjury are not barred by *res judicata*, they must nevertheless be dismissed. Gu seeks relief under 18 U.S.C. §§1621-23. These statutes criminalize perjury, subornation of perjury and making false declarations. None of these statutes creates a private right of action. "Federal courts have repeatedly held that violations of criminal statutes such as 18 U.S.C. §§ 1001, 1505 and 1621 do not give rise to a private right of action." *Leeds v. Texas Dept. of Family and Protective Servs.*, 2015 WL 4736567 at *2 (N.D. Tex. Aug. 10, 2015); *see also Nabaya v. Byron*, 264 F. Supp. 3d 187, 189 (D.D.C 2017).

Gu cannot recover damages or obtain injunctive relief based on Invista's alleged false statements or submission of false documents during the litigation of Gu I. Any claims based on perjury or the submission of false evidence must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## C. Constitutional Claims

To the extent that any of Gu's constitutional claims are not barred by *res judicata*, they are meritless and must be dismissed.

6

Gu alleges that his rights under the First, Eighth, and Fourteenth Amendments were violated because, as a *pro se* litigant, he was denied due process and the right to a meaningful opportunity to be heard. Gu provides no facts to support any plausible claim that Invista did anything to prevent him from accessing the courts or presenting evidence or arguments. For this reason alone, Gu's constitutional claims must be dismissed under Rule 12(b)(6).

Even if Invista did somehow prevent Gu from presenting his case in court, Invista is not liable under the Constitution. The First Amendment prevents only governmental abridgment of speech. *Manhattan Community Access Corp. v. Halleck*, 139 S. Ct. 1921, 1928 (2019). Gu does not allege that Invista is a governmental agency or that it is acting on behalf of the government. The same is true of the Fourteenth Amendment. "That Amendment erects no shield against merely private conduct, however discriminatory or wrongful." *Burton v. Wilmington Parking Auth.* 365 U.S. 715, 721 (1961). Gu does not allege any facts to suggest that Invista is part of the government. Invista is not liable under either the First or the Fourteenth Amendments.

The Eighth Amendment protects criminal defendants from the imposition of excessive bail or cruel and unusual punishment. U.S. Const. amend VIII. This is not a criminal case. There are no allegations that Gu has been denied bail or

7

punished in any way. Any claims under the Eighth Amendment are legally and factually meritless.

Gu's constitutional claims lack merit and must be dismissed under Rule 12(b)(6).

## IV. Conclusion

Gu's First Amended Complaint fails to state a claim upon which relief may be granted. The court recommends that Invista's Motion to Dismiss Plaintiff's First Amended Complaint (D.E. 41) be granted. The court allowed Gu an opportunity to amend his complaint. The court finds that any further amendments would be futile. The court therefore recommends that this action be dismissed with prejudice. *See Ayers*, 247 F. App'x at 535.

The court recommends that Invista's first Motion to Dismiss for Failure to State a Claim (D.E. 16) be denied as moot.

The court construes Gu's Motion to Invalidate Judgments and Relief (D.E. 19) as a motion for relief from judgment, pursuant to Fed. R. Civ. P. 60(b)(3), which permits relief from a judgment based on fraud, misrepresentation, or misconduct by an opposing party. Setting aside the procedural impropriety of filing this motion in this case, the motion is late. Rule 60(c)(1) requires such a motion to be filed no more than a year after entry of judgment. More than a year

has passed since entry of judgment in Gu I. The motion is also meritless. The court recommends that Gu's motion for relief from judgment be denied.

Gu's Motion to Vacate Order Denying Motion for Default Judgment (D.E. 21) is meritless and the court recommends that it be denied.

Invista's motion to stay discovery (D.E. 22) is denied as moot.

Gu's motion to compel and for sanctions (D.E. 28) is denied.

Gu's motion to file a brief in opposition (D.E. 38) is granted. The court has considered all of Gu's filings.

All other relief not specifically granted in this order is denied.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on August 14, 2019.

_____
Peter Bray
United States Magistrate Judge