# United States Court of Appeals for the Fifth Circuit

United States Courts
Southern District of Texas
FILED
March 04, 2021
Nathan Ochsner, Clerk of Court

No. 20-20027
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
February 10, 2021
Lyle W. Cayce
Clerk

FAN GU,

          *Plaintiff—Appellant*,

*versus*

INVISTA S.A.R.L.,

          *Defendant—Appellee.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-562

Before STEWART, GRAVES, and HIGGINSON, *Circuit Judges*.

PER CURIAM:*

    Fan Gu filed a notice of appeal seeking to challenge 14 rulings by the district court, including its judgment dismissing Gu's claim under the Age Discrimination in Employment Act of 1967 (ADEA); its order granting, in part, Invista's postjudgment motion for sanctions; and its order denying

---

    * Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20027

Gu's postjudgment motion for leave to file a motion to reconsider the court's dismissal of his ADEA claim in light of newly discovered evidence. In connection with his appeal, Gu moves for leave to proceed in forma pauperis (IFP).

The district court did not abuse its discretion by denying Gu IFP status. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). The question of his financial eligibility notwithstanding, Gu's notice of appeal was untimely to preserve review of 13 of the 14 rulings he seeks to challenge, including the dismissal of his ADEA claim and the district court's sanctions order. Consequently, we have no jurisdiction to consider Gu's challenges to those rulings. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987); 28 U.S.C. § 2107(a); FED. R. APP. P. 4(a)(1)(A). Although Gu timely appealed the district court's denial of leave to file a motion to reconsider the dismissal of his ADEA claim, he fails to identify any error in the district court's ruling. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Because Gu's entire appeal lacks an arguable legal basis for granting relief, we DENY leave to proceed IFP and DISMISS the appeal as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 & n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.